IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAI NGO NG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-539-R |
| ) | |
| ) | |
| WILLIAM BARR, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus, filed by Respondent William Barr, *et al.* on October 23, 2020. Doc. No. 11. Petitioner filed a motion for a hearing on November 11, 2020, Doc. No. 12, and then filed a brief in support, which also opposed Respondents' motion to dismiss. Doc. No. 15. Respondents also filed a reply and a response in opposition to Petitioner's motion for a hearing. Doc. No. 14; Doc. No. 16. The Court finds as follows.

Petitioner is a citizen of the Republic of Indonesia. Doc. No. 1, p. 3, ¶ 6; Doc. No. 11-1, p. 1. She entered the United States on a temporary, six-month visa on February 17, 2018. Doc. No. 11-1, p. 1, ¶ 1. In May of 2018, her son filed a Form I-130, a Petition for Alien Relative, on her behalf. Doc. No. 1, p. 3, ¶ 3. The I-130 allowed her to then apply, via a Form I-485, for permanent residence in the US. Doc. No. 11-2, p. 3.

On October 31, 2019, Petitioner was arrested and taken into custody by DHS/ICE Enforcement for overstaying her visa. Doc. No. 11-2, p. 2. Accordingly, DHS/ICE

"determined that she was removable under Section 238(a)(1)(B) of the Immigration and Nationality Act and that she should remain in custody." Doc. No. 11, p. 3.

On November 19, 2019, Petitioner submitted a motion for bond redetermination. On December 31, 2019, an Immigration Judge denied her motion, finding that the "Red Notice from INTERPOL, indicating that she is a fugitive wanted for prosecution in Indonesia," created a presumption that Petitioner posed a flight risk. Doc. No. 11-3, p. 2. Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and the court upheld the Immigration Judge's decision, agreeing that the INTERPOL Red Notice presented a risk of Petitioner's flight. Doc. No. 11-4, pp. 3–4. Thus, the Petitioner continued to be held in custody. Petitioner then sought relief in this court on June 5, 2020, alleging multiple constitutional violations for her detainment. Doc. No. 1.

Before the Court can determine the merits of the petition, however, it must ascertain whether it has jurisdiction over the cause of action. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because the Court lacks jurisdiction here, it cannot determine the merits of the petition.

"Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, …, no court shall have jurisdiction to review" specific discretionary decisions of the Attorney General or the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii). When a petitioner is eligible for release on bond under 8 U.S.C. § 1226(a), the Attorney General "may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v.*

*Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). In *Mwangi*, the Tenth Circuit held that it lacked jurisdiction to review a habeas petition under § 2241 when the petitioner, an alien who was detained during his removal proceedings, was held in custody after being denied bail.[1] *Id.* The Tenth Circuit reasoned that it lacked jurisdiction over an immigrant's detainee status when the detainee is not a subject of mandatory detention or a final order of removal. *See id.* (citing 8 U.S.C. § 1226(c), 1231(a)).

Similarly, here, Petitioner was arrested for overstaying her visa and was held in custody after being denied bail. The Petitioner's discretionary detention during the process of her removal is not a mandatory detention or a final order of removal, and thus, the Court does not have jurisdiction.[2] *See Mwangi*, 465 F. App'x at 786.

For this reason, the Respondents' motion to dismiss for lack of jurisdiction is GRANTED.

**IT IS SO ORDERED** on this 9th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] While *Mwangi* is an unpublished decision, and therefore without precedential weight, its reasoning is nonetheless applicable in determining whether the Court has jurisdiction.

[2] The Court is aware, per "Respondents' Notice Regarding Immigration Proceedings," that "on November 23, 2020, in removal proceedings under Section 240 …, the assigned Immigration Judge set a hearing on the merits of Petitioner's Application to Register Permanent Residence or Adjust Status (Form I-485) for December 18, 2020." Doc. No. 13, p. 1.